UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ANN JUAREZ, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-2480-B |
| | § | |
| BAC HOME LOANS SERVICING, LP, | § | |
| F/K/A COUNTRYWIDE HOME | § | |
| LOANS SERVICING, LP. | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| PROVENCE AT FIREWHEEL | § | |
| HOMEOWNERS ASSOCIATION, INC. | § | |
| and SFTF HOLDINGS, INC., | § | |
| | § | |
|    Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Rose Ann Juarez's Motion to Remand (doc. 10), filed August 23, 2012. For the reasons stated below, Juarez's Motion to Remand is **DENIED**.

## I.

## BACKGROUND

Juarez and her now ex-husband, Russell Keith, purchased real property located at 1114 Billie Johnson, Garland, Dallas County, Texas ("the Property") with a home mortgage loan while the two were still married. Orig. Pet. ¶¶ 5-6. A Deed of Trust was executed and delivered to secure the loan. *Id.* The deed of trust was eventually assigned to BAC Home Loans Servicing, LP which has since merged with Bank of America, N.A. *Id.* ¶ 18; Def. Not. Removal 1. Juarez has failed to make a loan payment since September of 2008, yet continues to reside at the Property while failing to pay the

mortgage or taxes. Def.'s Response to Mot. Remand ¶ 1.

Juarez filed this lawsuit against Defendants on July 2, 2012, in Dallas County, Texas. Def. Not. Removal ¶ 1. Juarez brought four causes of action: request for declaratory judgment regarding validity and enforceability of lien, equitable suit to quiet title, declaratory judgment regarding right to an accounting and opportunity to service, and declaratory judgment to enforce equity of redemption. Orig. Pet. ¶¶ 30-42. Defendants subsequently removed the suit to this Court, claiming that the civil action involved a federal question of law, and, alternatively, the parties were diverse and that the amount in controversy exceeded $75,000. *Id.* ¶¶ 4-19. In response, Juarez filed a Motion to Remand, arguing that the Defendants had failed to establish that the parties to the suit met the diversity requirement under 28 U.S.C. § 1332 because Juarez and two of the named defendants are citizens of the State of Texas. Mot. Remand ¶¶ 5-6, 9-11. Defendants replied that removal is proper because there is federal question jurisdiction, as well as continuing to argue diversity jurisdiction. Def. Resp. to Pl. Mot. Remand ¶¶ 4-5. The motion to remand is ripe for consideration.

## II.

## LEGAL STANDARD

When questions of federal jurisdiction arise, a federal court must presume that a suit falls outside its jurisdiction because the jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, the party invoking federal jurisdiction bears the burden of establishing it exists. *Id.* Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A defendant may remove an action filed in the state court to federal court if the case could

have been originally filed in federal court. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction is limited; federal courts may entertain only those cases involving a question of federal law or those where parties are of diverse citizenship. 28 U.S.C. §§ 1331-1332. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts are also granted jurisdiction over those civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

## III.

## ANALYSIS

This Court has federal question jurisdiction under 28 U.S.C. § 1331. In Juarez's original petition in state court, she specifically claimed that BAC Home Loans Servicing, LP violated "the Non-Response RESPA QUALIFIED WRITTEN NOTICE" when BAC failed to answer the Plaintiff's request for information regarding her note and property rights. Orig. Pet. ¶ 26. RESPA is a federal statute that applies to the servicing of federally related mortgage loans. 12 U.S.C. § 2605(a).

Defendants removed the civil action to this Court because Juarez based some of her claims on provisions of RESPA under 12 U.S.C. § 2605, posing a federal question. Def. Not. Removal ¶ 4. Plaintiff's motion to remand focuses on the lack of diversity, but fails to address the claim of federal question jurisdiction based on the RESPA claims in the original petition. *See generally* Pl. Mot. Remand. In response, Defendants once again highlight the federal question presented by the Plaintiff, giving this Court federal question jurisdiction. Resp. of Defs. to Pl. Mot. to Remand ¶ 4. Because Juarez initially brought claims based on a federal question under 12 U.S.C. § 2605 (RESPA),

this Court maintains federal question jurisdiction. *See* 28 U.S.C. § 1331.

The parties dispute whether Defendants have met the diversity of citizenship requirement for removal under 28 U.S.C. § 1332. The Court need reach that issue given that federal subject matter jurisdiction is satisfied by the federal question.

Accordingly, this Court has federal question jurisdiction over the action and Juarez's Motion to Remand is hereby **DENIED**.

### IV.

### CONCLUSION

For the reasons stated above, Juarez's Motion to Remand is **DENIED**.

**SO ORDERED.**

**SIGNED: October 31, 2012.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE